**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DWIGHT BOWEN,** | : | **CIVIL NO. 3:10-CV-2228** |
| **Plaintiff,** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **JON D. FISHER,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

On October 28, 2010, Dwight Bowen ("Bowen"), an inmate formerly incarcerated at the State Correctional Institution at Smithfield, Huntingdon, Pennsylvania, filed this civil rights action. (Doc. 1.) A proposed amended complaint was filed on July 29, 2011. (Doc. 53). Because Bowen is proceeding in forma pauperis (Doc. 12), the Court is obligated to preliminarily screen the amended complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, it is concluded that the complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

## I.    Standards of Review

Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted. . . ." 28 U.S.C. §1915(e)(2)(B)(ii). The applicable standard of review for the failure to state a claim provision is the same as the standard for a 12(b)(6) motion, which provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6),

the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, ---U.S. ----, 129 S.Ct. 1937, 1949 (2009) (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. See Iqbal, 129 S.Ct. at 1949–50; see also Twombly, 505 U.S. at 555, & n. 3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). This then "allows the court to

2

draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>,

129 S.Ct. at 1948.

The Third Circuit now requires that a district court must conduct the two-part analysis

set forth in <u>Iqbal</u> when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated.  The District
> Court must accept all of the complaint's well-pleaded facts as true, but may disregard
> any legal conclusions. [<u>Iqbal</u>, 129 S.Ct. at 1949–50].  Second, a District Court must
> then determine whether the facts alleged in the complaint are sufficient to show that
> the plaintiff has a "plausible claim for relief." [<u>Id.</u>]  In other words, a complaint must
> do more than allege the plaintiff's entitlement to relief.  A complaint has to "show"
> such an entitlement with its facts. <u>See</u> <u>Phillips</u>, 515 F.3d at 234–35.  As the Supreme
> Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to
> infer more than the mere possibility of misconduct, the complaint has alleged-but it
> has not 'show[n]'-'that the pleader is entitled to relief.' "<u>Iqbal</u>, [129 S.Ct. at 1949–50].
> This "plausibility" determination will be "a context-specific task that requires the
> reviewing court to draw on its judicial experience and common sense." <u>Id.</u>

<u>Fowler</u>, 578 F.3d at 210–211.

This Court is mindful, however, that the sufficiency of this pro se pleading must be

construed liberally in favor of plaintiff, even after <u>Iqbal</u>.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89

(2007).  Moreover, a court should not dismiss a complaint with prejudice for failure to state a

claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or

futility.  <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 110–111 (3d Cir. 2002); <u>Shane</u>

<u>v. Fauver</u>, 213 F.3d 113, 117 (3d Cir. 2000).

## II.     <u>Allegations of the Complaint</u>

Bowen alleges that "[d]efendants have fabricated misconducts and falsified reports in

[his] illegal restraint and unlawful confinement in RHU."  (Doc. 53, at 2.)  Specifically, he

alleges that defendants violated his due process protections during the disciplinary hearing process by prohibiting him from preparing and presenting a defense, presenting evidence, and calling witnesses.  (Doc. 53, at 4.)  He alleges that in addition to being unlawfully confined he has also been placed on a behavior modification meal.  (Id.)

As relief, he seeks declaratory relief declaring internal policy statement unconstitutional and ordering his release from the Restricted Housing Unit, compensatory damages, and the opportunity to present grand jury testimony on the issues he raises.  (Id.)

## III.   Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials.  See 42 U.S.C. § 1983.  The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

4

Bowen alleges that his constitutional rights were violated when he was issued a false misconduct report that resulted in a finding of guilt and the sanctions of confinement in the Restricted Housing Unit and behavior modification meals.  In Heck v. Humphrey, 512 U.S. 477(1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486–87.  This rationale was later extended to disciplinary proceedings. Edwards v. Balisok, 520 U.S. 641 (1997).  As such, an inmate may not bring a civil rights action related to an inmate disciplinary proceeding without first challenging and overturning, via appropriate proceedings, the disciplinary hearing in question.  Id. at 646–47.  To summarize, "a state prisoner's § 1983 action is barred (absent prior invalidation – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005) (emphasis in original).

Bowen seeks relief with respect to his claims arising out of the allegedly false disciplinary charges that were filed against him and resulted in a finding of guilt and disciplinary sanctions.  As any type of award in Bowen's favor would call into question the

validity of the underlying disciplinary proceedings, he cannot state a claim unless he can

demonstrate that the decision finding him guilty of the misconduct charges was invalidated

on administrative appeal or through the issuance of a writ of habeas corpus.  Because it is

clear that Bowen has not successfully challenged or invalidated the proceedings at issue, he

is unable to set forth facts that would support a "plausible claim for relief," and the complaint

will be dismissed.

**IV.**     <u>**Conclusion**</u>

For the reasons set forth above, it is clear that allowing Bowen the opportunity to

amend his complaint would be futile.  Consequently, the complaint will be dismissed

pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

An appropriate order follows.


                                        **BY THE COURT:**


                                        <u>**s/James M. Munley**</u>
                                        **JUDGE JAMES M. MUNLEY**
                                        **United States District Court**


Dated:          September 30, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DWIGHT BOWEN,** | : | **CIVIL NO. 3:10-CV-2228** |
| **Plaintiff,** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **JON D. FISHER,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 30th day of September 2011, in accordance with the

foregoing memorandum, it is hereby ORDERED that:

1.   This matter is DISMISSED pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

2.   Defendants' motion to dismiss (Doc. 41) is DENIED as moot.

3.   The Clerk of Court is directed to CLOSE this case.

4.   Any appeal from this order is DEEMED frivolous and not in good faith.
     See 28 U.S.C. § 1915(a)(3).

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court